1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 ANTONIO SULLIVAN,          No. CIV S-08-3085-GEB-CMK-P

12         Plaintiff,

13     vs.           FINDINGS AND RECOMMENDATIONS

14 SUSAN HUBBARD, et al.,

15         Defendants.

16 _____/

17       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18 to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19       The court is required to screen complaints brought by prisoners seeking relief

20 against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21 § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23 from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24 the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26 This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants:  Susan Hubbard and Kathleen Dickinson.  Plaintiff states that, on January 24, 2007, he was transferred from California State Prison – Solano to another prison.  He alleges that, incident to his transfer, his property was boxed up and he requested that it be mailed to his brother.  Plaintiff states this never occurred.  According to plaintiff, he was told upon arrival at his new prison that his property could not be found.

Plaintiff's claim is based on an allegedly unauthorized deprivation of his property.  Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.  See Hudson, 468 U.S. at 531 n.11.  An available state common law tort claim procedure to recover the value of property is an adequate remedy.  See Zinermon, 494 U.S. at 128-29.  Because plaintiff has adequate state law remedies available to him, his claim is not cognizable.

It does not appear possible that the deficiencies identified herein can be cured by amending the complaint.  Therefore, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

/ / /

1    Based on the foregoing, the undersigned recommends that this action be

2 dismissed.

3    These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

5 after being served with these findings and recommendations, any party may file written

6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

7 Findings and Recommendations."  Failure to file objections within the specified time may waive

8 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10  DATED:  February 17, 2009

11

12                                        CRAIG M. KELLISON
                                         UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26